## The Adrian, Michigan, Water Works v. The City of Adrian.

*Pleading—Specification of objections in demurrer—Municipal cor-*
*porations—Contract for supplying water—Condition*
*subsequent to acceptance of works.*

1. It is the intention of How. Stat. §§ 7358, 7359, and circuit court
   rule No. 34, to require every objection, either of form or matter
   of substance, to be specified in a demurrer, and if this is not
   done, and the declaration sets forth a *cause* of action, the de-
   murrer will be overruled.

2. On an examination of the pleadings, the Court held that the sec-
   ond and third counts in plaintiff's declaration set forth a cause of
   action.

3. A city contracted for the construction of a system of water-works,
   the contract making the payment of an agreed annual rental
   therefor dependent upon the contractor supplying water for 30
   years, unless the city sooner purchased the works; said water to
   be taken from wells and springs sufficient to supply all the in-
   habitants of the city with wholesome water for domestic and
   fire purposes. Payment of such rental was not to begin until
   the completion of the works in substantial compliance with the
   contract, nor until accepted by the common council of the city.
   In a suit by the contractor for failure to accept the works, the
   declaration set out the contract in full, alleged their completion
   according to its terms, and, as a breach, the refusal of the city to
   accept the works as completed, but did not aver that the con-
   tractor had provided the supply of water contracted for.

   *Held,* that the clause as to supplying water was a *condition*
   *subsequent* to acceptance, and the covenant a continuing one,
   protecting the city from the payment of rent in case the water
   was not supplied according to its terms.

Error to Lenawee. (Howell, J.) Argued January 11 and
12, 1887. Decided January 27, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*W. A. Underwood,* for appellant.

*J. W. Helme, Jr.* (*A. L. Millard,* of counsel), for defendant.

CHAMPLIN, J.   The defendant filed a general demurrer to a declaration in an action brought by plaintiff to recover damages claimed under a written contract between the parties.   The contract is set out in full in the declaration, and breaches thereof alleged.   No objections to the declaration, either as to form or substance, are specified in the demurrer.

How. Stat. § 7358 enacts:

" When any demurrer shall be entered in any action, and issue be joined thereon, the court shall proceed and give judgment according to the very right of the case and matter in law shall appear, without regarding any defect or other imperfection in any process or pleading, so as sufficient matter appear in the pleadings to enable the court to give judgment according to the very right of the case, unless such defect or other imperfection be specially expressed in the demurrer."

Section 7359 provides:

" After issue shall be joined on any demurrer, the court shall amend every such defect or other imperfection in any process or pleading in the last section mentioned, other than those which the party demurring shall specially express in his demurrer."

And rule 34 of the circuit court rules reads:

" When either party shall demur to any pleading, he shall briefly but plainly specify the objections, in matters of substance as well as those of form, upon which he intends to rely on the argument; and, if the pleading shall be adjudged bad for any cause not so specified, the party pleading, when allowed to amend on terms, will be permitted to do so without costs."

It is the intention of the statute and the rule to require every objection, either of form or matter of substance, to be specified in the demurrer.   If this is not done, and the dec-

laration sets forth a cause of action, the demurrer will be overruled.

We think the declaration in this case does contain and set forth a cause of action. It alleges the execution of the contract whereby the plaintiff agreed to construct works for the purpose of supplying the city of Adrian, and the inhabitants thereof, with water. A clause in the fourth section of the contract provides:

"Said works to be considered complete when complying with the conditions and capable of performing all of the requirements as described in section seven of this contract."

Section 7 reads as follows: ·

"Sec. 7. Said second party covenants and agrees that said water-works, when completed, shall be first-class in every detail; the pipes of standard weight, tested at a pressure of three hundred pounds to the square inch before being laid down, and shall have sufficient capacity and power to throw eight fire streams to a perpendicular height of one hundred feet, or maintain its equivalent in pressure at the nozzle; said streams to be thrown through fifty feet of hose, and through one-inch nozzles, not more than two to be taken from a six-inch line, four from an eight-inch line, six from a ten-inch line, and eight from a 12 or 14 inch line.

"And said second party. shall, during all the time aforesaid, keep said water-works up to said capacity and power; and that upon the completion of said works, and before any liability shall attach to said city under this contract, said works shall undergo and fulfill said requirements in capacity and power, and that it must be fully demonstrated by submitting said works to such tests as may be reasonable to ascertain their utility, and as the common council of said city may require: *Provided,* however, that said tests shall not exceed two days' duration, and comply with the requirements of this section.

"If said works, when completed and tested, shall not comply substantially with the requirements in letter and spirit of this section, or are not, as soon as practicable, made so to comply, the party of the first part shall have power to require such compliance, and they shall not incur any liability for rent until the works are brought up to said required standard. But, should said water-works, at the time above mentioned,

and during said tests, comply with the requirements of this section in letter and spirit, then said works shall, by the party of the first part, be accepted as completed; and, from the time of such acceptance, shall commence the rents of the above-mentioned hydrants; and such tests are to be made as soon as the second party shall require.

"Said second party agrees to construct the building in which said pumping machinery shall be placed, of brick, and to be reasonably secure against danger or loss by fire. Said second party also agrees that the hydrants shall be the Holly double nozzle, with frost-jackets, and of the latest improved pattern; the pumping machines and engines shall be of three million gallon capacity, and be either of the Gaskell duplex or the Holly quadruplex."

The counts demurred to adopt by reference the contract set out in the first count, and also the construction and completion of such contract, and the tests alleged in the first count; and aver that the water-works appeared to be and were in all respects completed in accordance with the terms of the contract. The first count set up particularly the performance of all the requirements of the seventh section of the contract.

The breach alleged is the refusal of the defendant to accept said works as completed, although the same were in every respect complete according to the terms of the contract. We are clearly of opinion that the declaration sets forth a cause of action, and that sufficient matter appears to enable the court to give judgment according to the very right of the case. The defect claimed in support of the demurrer consists in the failure to show a cause of action, in that there is no averment in either count that the company had provided a supply of water according to the requirements of the contract. This claim is founded upon a clause in the contract relating to the payment by defendant of an annual rental for water supplied to the city, as follows:

"The payment of this sum of ten thousand dollars per annum to be dependent upon the said second party supplying wholesome water during all the term aforesaid, to wit, thirty

years, unless said party of the first part shall, before the expiration of the same, purchase said works; water to be taken from wells and springs sufficient to supply all the inhabitants of said city with wholesome water for domestic and fire purposes. And, further, that, notwithstanding anything in this contract set forth, no liability shall attach to said party of the first part, nor shall the rental of said hydrants begin, until said water-works are fully completed in such substantial compliance with the terms, requirements, and conditions of this contract, and said works are accepted by the common council of said city."

Defendant insists that it is made a condition precedent to payment for use of water, or to acceptance of the works, that the water shall be taken from the wells and springs, and that it shall be sufficient in quantity, before defendant is obliged to accept the works, to supply all the inhabitants of the city for 30 years with wholesome water for domestic and fire purposes, and that performance of this condition must be alleged in the declaration.

We do not agree with counsel for defendant in this construction of the contract. The several clauses of the contract must be construed together, and the intent of the parties arrived at from the whole instrument. It provides, in positive and unmistakable terms, when the contract shall be accepted, in section 7. It would be an unreasonable and strained construction of the contract to hold that the company must, in advance of its requirement for use for 20 or 30 years, have a supply of water sufficient to supply all the inhabitants the city will contain 20 or 30 years hence. The clause is a condition subsequent to acceptance, and the covenant a continuing one, and protects the city from paying the rent in case the water is not supplied according to its terms.

The demurrer must be overruled, and the cause remanded, with leave for defendant to plead in 20 days from notice of filing *remittitur*. The plaintiff will recover costs of both courts.

The other Justices concurred.